UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMICKO MURRAY McIVER,

                     Plaintiff,

         -against-

DORIS MURRAY,

                   Defendant.

20-CV-10538 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's diversity jurisdiction, alleging that her mother stole her identity. By order dated December 29, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who resides in Mt. Vernon, New York, filed this complaint against her mother,

who resides in Texas, alleging that since "the 1990s," Defendant has stolen Plaintiff's identify.

Plaintiff refers to Defendant as a "career ID thief" who used Plaintiff's "SS#" in Georgia and

Virginia, and that there is a "car & house" in Plaintiff's name. Plaintiff contacted the "IRS" in

2004-2005 "on Defendant's filing taxes" in Georgia. Plaintiff seeks money damages.

## DISCUSSION

### A.     Diversity Jurisdiction

Plaintiff invokes the Court's diversity jurisdiction. To establish jurisdiction under 28

U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of

different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff

must allege to a "reasonable probability" that the claim is in excess of the sum or value of

$75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ*

*Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). "It is well-settled that the party asserting

federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v.*

*Galeno,* 472 F.3d 53, 57 (2d Cir. 2006).

Plaintiff provides a New York address for herself and a Texas one for Defendant,

suggesting that she and Defendant are citizens of different states. But Plaintiff fails to allege to a

"reasonable probability" that her claim is in excess of the sum or value of $75,000.00. The Court

grants Plaintiff leave to amend her complaint to show that the amount in controversy exceeds the

jurisdictional amount of $75,000.00.

**B.      State Law Claim of Identity Theft**

The few facts that Plaintiff provides are insufficient to give rise to a viable state law

claim. Plaintiff alleges a claim of identity theft. New York State General Business Law § 380-s

provides as follows:

> No person, firm, partnership, corporation, or association or employee thereof shall
> knowingly and with the intent to defraud, obtain, possess, transfer, use, or attempt
> to obtain, possess, transfer, or use credit, goods, services or anything else of value
> in the name of another person without his or her consent.

N.Y. G.B.L. §380-s; *see Leser v Karenkooper.com*, 856 N.Y.S.2d 498 (Sup. Ct, Jan. 14, 2008);

*see also Galper v. JP Morgan Chase Bank*, 802 F.3d 437, 441 n.1 (2d Cir. 2015) ("An identity

theft occurs when someone misappropriates another person's name or other personal information

in order to engage in fraud or other crimes.")

Plaintiff alleges that since "the 1990s," Defendant has stolen her identify and used

Plaintiff's "SS#" in Georgia and Virginia, and she mentions that there is a "car & house" in

Plaintiff's name. Besides these few facts, Plaintiff does not provide any details of the events, such as when and where they occurred.

Moreover, Plaintiff's claim of identity theft may be untimely. Under New York State General Business Law § 380-n, an action asserting a claim of identity theft:

> may be brought . . . within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this article to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this article, the action may be brought at any time within two years after the discovery by the individual of the misrepresentation.

G.B.L. § 380-n; *Kudelko v. Dalessio,* 829 N.Y.S.2d 839, 841 (N.Y. Civ. Ct. 2006) (concluding that under G.B.L. § 380, the limitations period runs two year after discovery of the identity theft).

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal may be appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds); *Baker v. Cuomo*, 58 F.3d 814, 818-19 (2d Cir. 1995) (*sua sponte* dismissal is "appropriate if it appears from the face of the complaint that the action is barred . . . by the statute of limitations"), *vacated in part on other grounds*, 85 F.3d 919 (2d Cir. 1996).

Plaintiff indicates that the events giving rise to this complaint began in "the 1990's," but it is unclear when specific events happened and when Plaintiff discovered those events. At a minimum, Plaintiff knew some of what had allegedly occurred in "2004-2005," because she

claims to have contacted the IRS in connection with her mother's activities. It appears that Plaintiff's claims are therefore untimely.

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend her complaint to address the issues discussed in this order.

## C.      Rule 5.2

Attached to Plaintiff's complaint is a document containing her social security number. Rule 5.2(a) of the Federal Rules of Civil Procedure requires that court filings referring to such information include only the last four digits of a person's Social Security number. A person who fails to redact such information or file it under seal waives the protections of Rule 5.2 as to his or her own information. *See* Fed. R. Civ. P. 5.2(h). For this reason, the Court directs the Clerk of Court to limit electronic access to the complaint. (ECF No. 1) to a "case-participant only" basis. Plaintiff must comply with Rule 5.2(a)(3) when submitting any documents in the future.

## D.      Litigation History

Since March 1, 2018, Plaintiff has filed thirteen cases in this Circuit. *See McIver v. Dep't of Soc. Servs.*, ECF 1:21-CV-783, 1 (S.D.N.Y. filed Jan. 28, 2021); *McIver v. HRA*, ECF 1:21-CV-784, 1 (S.D.N.Y. filed Jan. 28, 2021); *McIver v. @dreamstudiogroup.com*, ECF 1:21-CV-

642, 3 (CM) (S.D.N.Y. filed Jan. 25, 2021); *McIver v. Genesa Home Care*, ECF 1:20-CV-10530, 2 (CM) (S.D.N.Y. Dec. 17, 2020) (transferring case to the Northern District of New York); *McIver v. Mt. Vernon CMV Police Dep't*, ECF 1:20-CV-09128, 5 (CM) (S.D.N.Y. Jan. 4, 2021) (granting Plaintiff leave to proceed IFP); *McIver v. Genesa Home Care*, ECF 1:20-CV-06071, 3 (LLS) (S.D.N.Y. Aug. 10, 2020) (transferring case to Northern District of New York); *McIver v. Yonkers*, ECF 1:20-CV-06061, 5 (LLS) (S.D.N.Y. Sept. 30, 2020) (dismissing complaint for failure to state a claim), *appeal pending* (2d Cir.); *McIver v. Dep't of Soc. Servs.*, ECF 1:19-CV-10584, 8 (CM) (S.D.N.Y. Aug. 28, 2020) (dismissing complaint for failure to state a claim); *McIver v. Comm. Soc. Sec.*, ECF 1:19-CV-10264, 27 (JPC) (KNF) (S.D.N.Y. Oct. 19, 2020) (adopting report and recommendation and dismissing complaint without prejudice for lack of subject matter jurisdiction); *McIver v. Oasis Homeless Shelter*, ECF 18-CV-00280 (N.D.N.Y. Apr. 29, 2019) (dismissing complaint for failure to state a claim); *McIver v. Comm. Soc. Sec.*, ECF 1:15-CV-8871, 8 (LAP) (S.D.N.Y. June 27, 2016) (dismissing complaint for lack of subject matter jurisdiction and for failure to state a claim), 16-2517 (2d Cir. Dec. 21, 2016) (dismissing appeal as lacking "an arguable basis in law or in fact.")[1]

In light of Plaintiff's litigation history, the Court finds that Plaintiff is or should already be aware of federal pleading requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that further nonmeritorious litigation in this District may result in an order barring her from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

---

[1] The two transferred cases remain pending in the Northern District under Docket Nos. 20-CV-00939 and 20-CV-01615.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-10538 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff has consented to electronic service. (ECF 1 at 8.)

SO ORDERED.

Dated:   February 5, 2021
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                      (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                     (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                  Middle Initial      Last Name

_____

Street Address

_____

County, City                     State            Zip Code

_____

Telephone Number                Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.